UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BLUNT WRAP U.S.A., INC. | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. |
| VERSUS | * | |
| | * | SECTION |
| GRABBA-LEAF, LLC | * | |
| *Defendant* | * | MAG. |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Blunt Wrap U.S.A., Inc. ("Blunt Wrap U.S.A."), for its Complaint against Defendant, Grabba-Leaf, LLC, herein, alleges as follows:

## PARTIES

1.  Plaintiff, Blunt Wrap U.S.A., is a Louisiana corporation with its principal place of business in Covington, Louisiana.

2.  Defendant, Grabba-Leaf, LLC, is a Florida limited liability company having an office at 7041 Environ Boulevard, Apartment 128, Lauderhill, Florida 33351, according to the Florida Secretary of State.

## JURISDICTION

3.  This is an action for patent infringement of United States Letters Patent Nos. 6,321,755 (the '755 Patent), 6,357,448 (the '448 Patent), 6,526,986 (the '986 Patent), 6,742,525 (the '525 Patent), 6,854,471 (the '471 Patent), 7,571,730 (the '730 Patent), 7,717,119 (the '119 Patent), 7,987,858 (the '858 Patent), 8,066,012 (the '012 Patent), 8,578,944 (the '944 Patent), and 8,783,266 (the '266 Patent), brought under the provisions of the United States Patent Laws,

Title 35 United States Code. Jurisdiction of this Court is based upon the Patent Laws of the United States, Title 35 United States Code, and 28 United States Code §§ 1338(a) and 1400(b).

## VENUE

4. Venue lies in this District under 28 United States Code §1391 (b), (c), or (d).

## PATENT INFRINGEMENT

5. Blunt Wrap U.S.A. repeats and re-alleges each and every allegation contained in paragraphs one through five of this Complaint as if set forth in full herein.

6. The following patents were duly and legally issued to Daniel S. Sinclair, Jr. on the dates referenced below, and each of these patents has been assigned to Plaintiff, Blunt Wrap U.S.A.:

   a. the '755 Patent, duly and legally issued on November 27, 2001, a copy of which is annexed hereto as Exhibit "A";

   b. the '448 Patent, duly and legally issued on March 19, 2002, a copy of which is annexed hereto as Exhibit "B";

   c. the '986 Patent, duly and legally issued on March 4, 2003, a copy of which is annexed hereto as Exhibit "C";

   d. the '525 Patent, duly and legally issued on June 1, 2004, a copy of which is annexed hereto as Exhibit "D";

   e. the '471 Patent, duly and legally issued on February 15, 2005, a copy of which is annexed hereto as Exhibit "E";

   f. the '730 Patent, duly and legally issued on August 11, 2009, a copy of which is annexed hereto as Exhibit "F";

g. the '119 Patent, duly and legally issued on May 18, 2010, a copy of which is annexed hereto as Exhibit "G";

h. the '858 Patent, duly and legally issued on August 2, 2011, a copy of which is annexed hereto as Exhibit "H";

i. the '012 Patent, duly and legally issued on November 29, 2011, a copy of which is annexed hereto as Exhibit "I";

j. the '944 Patent, duly and legally issued on November 12, 2013, a copy of which is annexed hereto as Exhibit "J"; and

k. the '266 Patent, duly and legally issued on July 22, 2014, a copy of which is annexed hereto as Exhibit "K".

The foregoing eleven (11) patents are referred to sometimes hereinafter as the "Patents in Suit."

7. On information and belief, in the United States and in this Judicial District, Defendant has been, and currently is, infringing—directly, contributorily, and/or by inducement—one or more claims of each of the Patents in Suit by making, using, selling, offering to sell, and/or importing into the United States, as well as Defendant's inducement of and contribution to the making, using, selling, offering to sell, and/or importing into the United States, of cigar tubes for holding an end user's tobacco fill material which infringe upon one or more claims of each of the Patents in Suit. Product exemplars of the infringing products are attached hereto as Exhibit "L".

8. By infringing—directly, contributorily, and by inducement—upon one or more claims of each of the Patents in Suit, Defendant has unfairly reaped a substantial commercial and

competitive advantage and savings in research, development, costs, and marketability, all to Plaintiff's detriment.

9. Defendant's activities with respect to its infringing cigar tubes for holding an end user's tobacco fill material constitute willful infringement of one or more claims of each of the Patents in Suit.

10. Plaintiff has been, and will continue to be, damaged by such direct, contributory, and induced infringement in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged, and will continue to damage, Plaintiff's business, market, reputation, and goodwill. Such irreparable damage will continue unless the acts of Defendant are enjoined during the pendency of this action and thereafter. Plaintiff is, therefore, entitled to the remedies provided by 35 U.S.C. §§283-285.

**WHEREFORE,** Plaintiff, Blunt Wrap U.S.A., Inc., prays that this Honorable Court enter a judgment that:

   a. Plaintiff's U.S. Letters Patent 6,321,755, 6,357,448, 6,526,986, 6,742,525, 6,854,471, 7,571,730, 7,717,119, 7,987,858, 8,066,012, 8,578,944, and 8,783,266 have been infringed upon by the accused products of Defendant;

   b. Issues preliminary and final injunctions under 35 United States Code § 283 against any and all acts and conduct of Defendant that constitutes infringement of said Patents in Suit;

   c. Awards the Plaintiff damages under 35 United States Code § 284, adequate to fully compensate for Defendant's past and continuing acts and conduct of infringement, including Plaintiff's lost profits, and, in any event, no lower than a

reasonable royalty, to be determined under the appropriate market conditions which would have existed absent Defendant's unlawful infringement, together with interest and costs as are to be determined by the Court; and

d. Any other awards or relief for the Plaintiff that this Court may deem just and proper, whether legal or equitable.

Respectfully submitted,

_____
RANDALL A. SMITH, T.A. (#2117)
STEPHEN M. GELÉ (#22381)
Of
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone (504) 525-2200
Email: rasmith@smithfawer.com
Email: sgele@smithfawer.com

— and —

BRETT A. NORTH (#22,503)
VANESSA M. D'SOUZA (#31,708)
Of
GARVEY, SMITH, NEHRBASS & NORTH, L.L.C.
Three Lakeway Center, Suite 3290
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Tel:  504-835-2000
Fax:  504-835-2070
Email: northbrett@gsnn.us
Email: dsouza@gsnn.us

**Attorneys for Plaintiff, BLUNT WRAP U.S.A., INC.**